UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE MADRIGAL-NEGRETTE,

    *Plaintiff*,      CASE NO. 12-CV-14012

*v*.      DISTRICT JUDGE MARK A. GOLDSMITH
    MAGISTRATE JUDGE CHARLES E. BINDER

HARLEY G. LAPPIN, *Director,*
*Federal Bureau of Prisons*;
FEDERAL DETENTION CENTER,
*Director*;

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

### II.    REPORT

#### A.    Introduction

Plaintiff Jose Madrigal-Negrette is a federal prisoner who is incarcerated at the CI NE Ohio Correctional Center in Youngstown, Ohio. On August 20, 2012, Plaintiff, who is proceeding *pro se*, initiated an action against the director of the Bureau of Prisons and the director of the Federal Detention Center. The document that was docketed as the complaint is entitled a "Motion to Claim lost Properties and Damages thereof, persuant [sic] to 31 U.S.C. § 3723 and 28 U.S.C. § 2241." (Doc. 1.) Plaintiff alleges that when he was transferred from the Federal Detention Center in Milan,

Michigan, to the facility where he currently resides in Youngstown, Ohio, all of his property was lost. He seeks the return of his property or $236.15 in damages.

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on October 31, 2012, (Doc. 5) and the case was referred to the undersigned magistrate judge. (Doc. 6.) After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

### B. Screening Requirement

This case is subject to screening under several provisions of the United State Code because Plaintiff is a prisoner and is proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions,

and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

### C. Background

Plaintiff states that all of his personal property, which consisted of 48 items valued at $236.05, was lost in late 2010 when he was transferred from a federal prison facility in Michigan to one in Ohio. In April 2011, Plaintiff filed an administrative small claim for property damage or loss under 31 U.S.C. § 3723. (*See* Docs. Attach. to Compl.) On September 28, 2011, Plaintiff was notified that his claim had been investigated and was denied. (*See* Ltr., Doc. 1 at 9.) Plaintiff requested reconsideration of his claim and was notified on November 21, 2011, that there was "no new evidence that would justify alteration of our denial . . . ." (Doc. 1 at 10.)

In August 2012, Plaintiff filed with this Court his "Motion to Claim lost Properties and Damages thereof, persuant [sic] to 31 U.S.C. § 3723 and 28 U.S.C. § 2241," claiming that the "BOP negligently lost his possessions" and refused to compensate him for the loss. (Compl. ¶ 1.)

### D. Analysis and Conclusions

Plaintiff brings his claim under 31 U.S.C. § 3723, which provides that the "head of an agency . . . may settle a claim for not more than $1,000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment . . . ." 31 U.S.C. § 3723(a). This statute is part of the Military Personnel and Civilian Employees' Claims Act ("MPCECA"), and courts have long held that the statute was written in such a way as to make the agency's determination of claims final and conclusive, with no provision for review by the federal courts. *See Merrifield v. United*

*States*, 14 Cl. Ct. 180, 183-84 (1988). *See also Cook v. United States*, No. 0:11-320-RMG-PJG, 2012 WL 384887, at *3 (D.S.C. Jan. 06, 2012) (personal property claims against the BOP are governed by 31 U.S.C. § 3723 and the government's decisions regarding these claims are not subject to judicial review) (citing *Merrifield* and 31 U.S.C. § 3721(k)); *Oriakhi v. United States*, Civ. A. No. 08-3716(NLH)(AMD), 2009 WL 1066109, at *1 (D.N.J. April 20, 2009) (same).

Plaintiff also cites 28 U.S.C. § 2241 as a basis for the relief he seeks, but I suggest that this statute does nothing to further Plaintiff's goal of receiving compensation for his lost property. Section 2241 is the mechanism by which a federal prisoner challenges the manner, location or conditions of the execution of his sentence, and as such is inapplicable to Plaintiff's claim for property deprivation.

Finally, I suggest that even under the liberal construction due Plaintiff's *pro se* claim, it cannot be said to rise to the level of a civil rights action for damages brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971),[1] because Plaintiff has not alleged a violation of his constitutional rights, but rather has alleged negligence on the part of BOP employees. Nor has Plaintiff alleged that he suffered a specific injury as a result of the conduct of a particular defendant and asserted an affirmative link between the injury and the conduct of that defendant, as is required to state a civil rights claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

---

[1] A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

4

Accordingly, I suggest that Plaintiff's claim be *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), for failure to state a claim upon which relief can be granted.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E Binder<br>CHARLES E. BINDER<br>United States Magistrate Judge

Dated: November 2, 2012

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Jose Madrigal-Negrette, #43456-039, CI NE Ohio Correctional Center, Correctional Institution, 2240 Hubbard Rd., Youngstown, OH, 44501-3157; and served on Judge Goldsmith in the traditional manner.

Date:  November 2, 2012           By     s/*Jean L. Broucek*
                                  Case Manager to Magistrate Judge Binder